ROBERT L. FORD

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and* UNION CARBIDE CORPORATION

(No. 13844)

*and*

PAUL McCOY

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER *and*

UNITED STATES STEEL CORPORATION

(No. 13875)

Decided July 15, 1977.

*George G. Burnette, Jr.* for appellant Ford.

*George G. Burnette, Jr.* for appellant McCoy.

*Benjamin D. Tissue* for appellee Union Carbide.

*Love, Wise, Robinson & Woodroe, George W. S. Grove, Jr.* for appellee U. S. Steel.

CAPLAN, CHIEF JUSTICE:

These cases present substantially the same question and for the purpose of appeal are consolidated for decision. The question thus presented is whether a claimant who has been awarded permanent partial disability benefits for occupational pneumoconiosis is permitted under the workmen's compensation act to file a new claim, based upon essentially the same period of exposure or must he seek a reopening of the previous claim. The appeal board found that the claimants must seek a reopening and these appeals were prosecuted. We reverse.

Claimant Ford was employed by Union Carbide Corporation in its coal mining operation. He began in 1963 and worked underground as an electrician until 1975 when he transferred to an outside similar job. On June 22, 1972 Ford filed an application for occupational pneumoconiosis benefits and was subsequently granted a 15% permanent partial disability award. That award was paid in full in August, 1973.

This claimant continued to work for the same employer and on July 17, 1974 filed a second application for occupational pneumoconiosis benefits, the subject of this appeal. When the commissioner made certain findings preparatory to making an award, the employer protested, and upon the commissioner's affirmance of his order, an appeal was made to the appeal board. The employer asserted that the only remedy available to the claimant to receive further benefits was through a petition to reopen the 1972 claim.

Claimant McCoy has been a tipple worker for twenty-seven years. In 1965 he was employed by Crystal Block and worked for said company until June 1, 1970 when United States Steel acquired the interests of Crystal Block. Shortly after this transfer of Crystal Block's interests, McCoy filed an application for occupational pneumoconiosis benefits. The commissioner granted him a 15% permanent partial disability award.

Thereafter, on October 2, 1974, this claimant filed a second application for occupational pneumoconiosis benefits. Upon action being taken by the commissioner on the second claim, this employer, taking the same position as that taken by the employer in the Ford claim, above, filed an appeal.

Under the provisions of *W. Va. Code*, 1931, 23-4-1, "the terms 'injury' and 'personal injury' shall include occupational pneumoconiosis". *W. Va. Code*, 1931, 23-4-14, provides: ". . . In cases involving occupational pneumoconiosis . . . the 'date of injury' shall be the date of the last exposure to the hazards of occupational pneumoconiosis . . .". It thus appears that occupational pneumoconiosis is an "injury" or "personal injury" within the meaning of our compensation law; and that the "date of injury" in occupational pneumoconiosis cases is the date of last exposure thereto. Therefore, any subsequent exposure to the hazards of occupational pneumoconiosis constitutes a new injury. If such new injury can be brought within the time periods and duration of exposure required by the statute (*W. Va. Code*, 1931, 23-4-15 *et. seq.*), such new injury is susceptible of proof and, if proved, is compensable.

We are not unaware of *W. Va. Code*, 1931, 23-4-6a, as amended. While Section 6a, providing for "the further adjustment of claims", applies to occupational pneumoconiosis, it provides an additional rather than an exclusive method of adjusting prior claims. Under our compensation law a claimant is entitled to compensation for a compensable injury and each exposure for the required time period to the hazards of occupational pneumoconiosis is a new and separate injury and can be so treated by the claimant.

While a claimant who has been exposed to the hazards of occupational pneumoconiosis for the statutorily required time has sustained an injury, he must prove that such injury is compensable. All injuries are not compensable and all compensable injuries do not warrant the payment of disability awards. Before a claimant is enti-

tled to a disability award, he must prove that the disability resulted from a compensable injury suffered in the course of and as a result of his employment.

We are not here confronted with the question of whether either of the instant claimants have proved a right to any further disability award. We hold only that the remedy provided in *W. Va. Code*, 1931, 23-4-6a, as amended, is not exclusive and that the claimants herein have the alternate right to file new claims for the alleged new injuries.

For the foregoing reasons, the orders of the Workmen's Compensation Appeal Board are reversed and the cases are remanded for further action consistent with this opinion.

*Reversed and remanded.*