411 S.E.2d 699

**Anthony M. NEY, Petitioner Below, Appellee,**

**v.**

**WEST VIRGINIA WORKERS' COMPENSATION FUND, Respondent Below, Appellant.**

**No. 20027**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1991.

Decided Nov. 21, 1991.

C. Terry Owen, Sr. Asst. Atty. Gen., Charleston, for appellant.

Terry M. Jordan, McIntyre, Haviland & Jordan, Charleston, for appellee.

PER CURIAM:

The primary issue in the case now before us concerns whether the Circuit Court of Kanawha County erred in issuing a writ of mandamus compelling the West Virginia Workers' Compensation Fund to change the onset date of the permanent total disability (PTD) award granted by the Workers' Compensation Commissioner to the appellee, Anthony N. Ney, from December 27, 1989, to September 27, 1978. We conclude that, although mandamus will lie to compel the Commissioner to act if he or she unreasonably neglects or refuses to do so, it does not lie to prescribe in what manner the Commissioner should act in the exercise of his or her discretion, or to correct any errors the Commissioner may have made. The circuit court is therefore reversed.

I

The facts which are relevant to the issue before us consist primarily of the procedural history.[1] Mr. Ney injured his left knee at work on September 27, 1978. He filed an application for benefits and the Commissioner subsequently held that the claim was compensable. Thereafter, on February 16, 1983, based on the medical report of A.A. Abplanalp, M.D., the Commissioner granted the claimant a 40% permanent partial disability (PPD) award.

Mr. Ney protested the Commissioner's decision and submitted additional medical evidence indicating that his disability was greater than 40%. The Commissioner, in subsequent orders, increased the claimant's PPD award based upon that medical evidence. Then, by letter dated December 27, 1989, the claimant made a motion for a second injury life award and submitted the medical reports of R.A. Crawford, M.D., and Frances H. Hughes, Jr., M.D., in support of that motion. By order dated April 3, 1990, the Commissioner granted the claimant a PTD award and found that the onset date of that PTD was December 27, 1989, the date the appellee filed a motion for a second injury life award and submitted medical reports stating that he was permanently and totally disabled.

The appellee appealed that decision to the Workers' Compensation Appeal Board

---

1. The issue of whether the medical and vocational evidence of record supported the PTD award granted to the appellee is not before us. Furthermore, we note that by final order dated August 9, 1991, the Workers' Compensation Appeal Board reversed in part the Commissioner's order with respect to the onset date of the appellee's PTD award, and directed the Commissioner to calculate the appellee's PTD award to begin September 27, 1978, rather than December 27, 1989.

and also petitioned this Court for a writ of mandamus to compel the Workers' Compensation Fund to recalculate his PTD award with an onset date of September 27, 1978, rather than December 27, 1989. We refused that petition. The appellee then petitioned the Circuit Court of Kanawha County for a writ of mandamus to compel the Workers' Compensation Fund to change the onset date of his PTD award from December 27, 1989, to September 27, 1978. Following a hearing on that petition, the circuit court entered an order on August 27, 1990, granting the writ of mandamus. This matter is now before this Court on appeal of that decision by the Workers' Compensation Fund.

## II

The sole issue before us is whether the circuit court erred in granting a writ of mandamus compelling the Workers' Compensation Fund to recalculate the onset date of the appellee's PTD award as of September 27, 1978, rather than September 27, 1989.

■ We have traditionally held that three factors must co-exist before a writ of mandamus shall issue. As we pointed out in syllabus point 2 of *Williams v. Robinson*, 180 W.Va. 290, 376 S.E.2d 304 (1988):

'  "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a clear legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syl. pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).' Syl. pt. 1, *Rogers v. Hechler*, 176 W.Va. 713, 348 S.E.2d 299 (1986).

■ Moreover, mandamus may be employed to compel the exercise of discretion, but it may never be used to control its exercise as we pointed out in syllabus point 2 of *State ex rel. Lambert v. Cortellessi*, 182 W.Va. 142, 386 S.E.2d 640 (1989):

'Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made.' Syl. pt. 1, *State ex rel. Buxton v. O'Brien*, 97 W.Va. 343, 125 S.E. 154 (1924).[2]

■ Applying the foregoing principles to this case, we find that the circuit court erred in granting the writ of mandamus. This Court has specifically recognized that the Workers' Compensation Commissioner has reasonable discretion in selecting the beginning date for the award and payment of PTD benefits where there are multiple reports from various experts which establish that a claimant has reached PTD status.[3] Syl. pt. 2, *Young v. Workers' Compensation Comm'r*, 181 W.Va. 440, 383 S.E.2d 72 (1989). As we pointed out, mandamus will not lie to control an inferior tribunal in the exercise of its quasi-judicial discretion and judgment. If the commissioner committed an error of judgment in awarding permanent total disability with an onset date of December 27, 1989, the proper remedy was an appeal to the Workers' Compensation Appeal Board, not a mandamus proceeding.

Therefore, we hold that mandamus will lie to compel the Commissioner to act if he or she unreasonably neglects or refuses to do so, but if the Commissioner has already acted, mandamus cannot be used to prescribe in what manner the Commissioner should act in the exercise of his or her discretion, or to correct any errors the Commissioner may have made.

2. We note that in *State ex rel. Garnes v. Hanley*, 150 W.Va. 468, 471, 147 S.E.2d 284, 286 (1966), we observed that since the early days of the Workers' Compensation Fund, this Court has held that it is an inferior tribunal against which a writ of mandamus will lie.

3. By letter dated December 27, 1989, counsel on behalf of the appellee moved the Commissioner to grant the appellee a PTD award and submitted the reports of Dr. Crawford and Dr. Hughes in support of that motion. Dr. Crawford's report was dated September 12, 1989, and Dr. Hughes' report was dated December 18, 1989. On the basis of that motion and the reports, the Commissioner granted the appellee a PTD award with an onset date of December 27, 1989.

Finally, with respect to the issue of attorney's fees awarded to the appellee by the circuit court, the Workers' Compensation Fund correctly points out that attorney's fees can be recovered by a claimant for workers' compensation benefits if the claimant must hire an attorney to contest unlawful acts of the Commissioner. *Meadows v. Lewis*, 172 W.Va. 457, 478, 307 S.E.2d 625, 646 (1983). However, costs will not be awarded in mandamus proceedings against a public officer who is honestly and in good faith endeavoring to perform his or her duty as he or she conceives it to be. *Nelson v. West Virginia Public Employees Ins. Bd.*, 171 W.Va. 445, 450, 300 S.E.2d 86, 91 (1982). Here, there is no indication that the Commissioner was not acting honestly and in good faith in performing her duties. Accordingly, we find that the circuit court improperly awarded attorney's fees.

Thus, for the reasons set forth herein, we conclude that the Circuit Court of Kanawha County erred in granting the writ of mandamus.[4]

Reversed.

---

**4.** We note that the question of whether the Commissioner committed an error of judgment by designating December 27, 1989, as the date of the onset of PTD has been rendered moot by the issuance of the Appeal Board's decision reversing the Commissioner. The Appeal Board's decision was not appealed to this Court.