446 S.E.2d 710

Walter ANDERSON, Howard Ashworth, Lyle Atkins, Henry Bates, Naamon Bird, Ricie Boggs, Terry Burchfield, James Caldwell, Harold Cole, Freddie Flowers, James Green, Lewanda Hanshaw, George Harbour, Wiley Harris, Ernest Hayhurst, Delmar Jarrell, Marshall Jeffers, Michael Martin, Bernard Miller, Richard Miller, Dale Moore, Paul Morris, Homer Murphy, Alma Pauley, Woodrow Richmond, Willie Roop, Ernest Squires, Ormon Yeager and Bobbie Young, Petitioners,

v.

Andrew N. RICHARDSON, Workers' Compensation Commissioner, Respondent.

No. 21772.

Supreme Court of Appeals of West Virginia.

Submitted June 7, 1994.

Decided July 8, 1994.

sioner, to perform certain mandatory duties contained in the Workers' Compensation Act (Act), W.Va.Code, 23–1–1, *et seq.*

## I.

One of the issues presented is the impact of the abolishment of W.Va.Code, 23–5–1j (1990), in 1993. This subsection authorized the Office of Judges to remand claims for permanent total disability benefits and second injury life awards to the Commissioner who then had 120 days to make a decision. We spoke about this procedure in *Lyons v. Richardson,* 189 W.Va. 157, 429 S.E.2d 44 (1993). *Lyons* was decided on March 16, 1993, and on April 8, 1993, the legislature abolished W.Va.Code, 23–5–1j, and made other changes to the Act. 1993 W.Va.Acts ch. 171.

After abolishing subsection 1j, the legislature enacted W.Va.Code, 23–4–24(c) (1993),[1] which took away from the Office of Judges the jurisdiction to initially hear permanent total disability claims and required the claims to be first submitted to the Commissioner. Following the adoption of W.Va.Code, 23–4–24(c), the Commissioner issued an internal memorandum dated April 18, 1993, advising that all claimants having cases for permanent total disability benefits pending before the Commissioner on remand under W.Va.Code, 23–5–1j, should be notified that this provision was abolished. They also should be informed that the 120–day limitation will not apply.

The petitioners are claimants who had permanent total disability and second injury life award claims pending before the Commissioner on remand under W.Va.Code, 23–5–1j. They claim that the Commissioner's memorandum applies W.Va.Code, 23–4–24(c), retroactively, which is contrary to our interpretation of amendments to the Act. In a variety of contexts, we have held that provisions of the Act which narrow procedural benefits

Gregory W. Evers, Franklin W. Kern, Legal Corp., Charleston, for petitioners.

Shawn A. Taylor, Asst. Atty. Gen., Charleston, for respondent.

MILLER, Justice:

In this original proceeding in mandamus, we are asked to require Andrew N. Richardson, the Workers' Compensation Commis-

1. W.Va.Code, 23–4–24(c), states:
"The office of judges shall not have jurisdiction to initially hear and decide any claim pertaining in whole or in part to subdivision (d) or (n), section six of this article. Any claim for permanent total disability benefits arising under said subdivisions shall first be presented to the commissioner as part of the initial claim filing or by way of an application for modification or adjustment pursuant to section sixteen [§ 23–4–16] of this article and section one-a [§ 23–5–1a], article five of this chapter. The office of judges may consider such a claim only after the commissioner has entered an appropriate order."

**490**

that were formerly afforded to claimants will not be given retroactive effect. In *Fucillo v. Workers' Compensation Commissioner,* 180 W.Va. 595, 378 S.E.2d 637 (1988), we held that recent amendments to the Act which made time periods for objections, protests, or appeals under the Act mandatory and jurisdictional would be limited to cases arising after the effective date of those statutory amendments.[2]

■ In *Anderson v. State Workers' Compensation Commissioner,* 174 W.Va. 406, 327 S.E.2d 385 (1985), we found that a claimant who filed his claim in 1974 was entitled to the more liberal amendments enacted in 1976 to W.Va.Code, 23–4–14, and stated in Syllabus Point 1:

"An employee involved in a workers' compensation case in litigation will receive the benefit of procedural statutory changes favorable to the employee wherever possible. *Pnakovich v. State Workmen's Compensation Comm'r,* 163 W.Va. 583, 592, 259 S.E.2d 127, 132 (1979)."

Likewise, in Syllabus Point 3 of *Boyd v. Merritt,* 177 W.Va. 472, 354 S.E.2d 106 (1986), we applied the liberality rule and extended the more liberal legislative rules that were enacted by the legislature after the claim was filed, stating:

"When the Workers' Compensation Commissioner promulgates an emergency rule affecting the amount to which a claimant for workers' compensation benefits is entitled, and the legislature subsequently enacts a more liberal legislative rule superseding the emergency rule, the Workers' Compensation Appeal Board must, under the liberality rule, apply the legislative rule to all pending claims."

■ Thus, we conclude that the Commissioner's internal memorandum of April 18, 1993, which eliminated the 120–day rule to decide claims for permanent total disability benefits and second injury life awards which were remanded to the Commissioner pursuant to W.Va.Code, 23–5–1j, is contrary to our

law. Consequently, we hold that the Commissioner is required to apply the provisions of W.Va.Code, 23–5–1j, to all cases that were remanded to the Commissioner before April 8, 1993, the date this subsection was abolished.

## II.

### A.

■ The petitioners also contend that the Commissioner failed to comply with certain provisions of an agreed order which was approved by this Court on July 29, 1993, in a mandamus proceeding. Some of the petitioners in that case are parties in this case. Among the purposes of that proceeding was to require the Commissioner to enter certain protestable orders in the petitioners' compensation claims. Part of the relief requested was to require the Commissioner to adopt under his statutory rule-making power procedural rules for handling claims for permanent total disability benefits and second injury life awards and rules for a comprehensive rehabilitation program, as authorized in W.Va.Code, 23–4–9 (1990). Both the Commissioner and the petitioners agreed to the following language in the order:

"(4) [T]he respondent, on or before the 15th day of January, 1994, shall file with this Court reasonable rules of procedure, establishing (a) times for completion of procedural steps, (b) the proof and evidence required for entitlement to benefits, and (c) the method and manner in which decisions are to be rendered, including protestable orders regarding a claimant's entitlement to permanent total disability or second injury life awards; (5) the respondent, on or before the 15th day of January, 1994, shall file with this Court rules promulgated to develop a comprehensive rehabilitation program which will assist injured workers to return to suitable gainful

---

**2.** Syllabus Point 2 of *Fucillo* states:

"Time limitations for objections, protests or appeals by either party under the Workers' Compensation Act are now jurisdictional by

virtue of recent amendments to the *West Virginia Code* and our contrary holding in *Bailey v. State Workmen's Compensation Comm'r.,* 170 W.Va. 771, 296 S.E.2d 901 (1982), is expressly limited to cases arising before 7 March 1986."

employment following an injury[.]"³

With regard to the Commissioner's Legislative Rules on Vocational and Physical Rehabilitation, we decline to address the petitioners' objections. While it is true that the agreed order directed the Commissioner to file the rules with this Court, it was done with the hope that some agreement could be reached. In fact, the Commissioner already has drafted and filed the vocational and physical rehabilitation rules with the Secretary of State's Office. These rules became effective on July 1, 1994. As we point out in the next section, there are opportunities afforded for comment by interested parties as to the rules, and we decline to intervene in this administrative process.

### B.

■ The petitioners claim that the Commissioner's "POLICY STATEMENT FOR THE HANDLING OF REQUESTS FOR PERMANENT TOTAL DISABILITY AWARDS," which deals with the procedural aspects of handling permanent total disability claims, including second injury life awards, is so vague as to any time limits for handling claims that it will do nothing to relieve the interminable delays in processing workers' compensation claims. The petitioners also contend that the policy statement appears to violate specific procedural rights given to claimants under W.Va.Code, 23–5–1a (1990).

We note, however, that these rules still are in the process of being revised. If the petitioners desire to comment and urge changes

3. Although the order is not limited as to the types of claims, the parties appear to agree that it was to cover only claims for permanent total disability benefits and second injury life awards.

4. The relevant sections of W.Va.Code, 29A–3–5, state:

"When an agency proposes to promulgate a rule other than an emergency rule it shall file in the state register a notice of its action....

"... If no findings and determinations are required as a condition precedent to promulgation, the notice shall fix a date, time and place for receipt of public comment on such proposed rule.

"If findings and determinations are a condition precedent to the promulgation of such rule, then an opportunity for public comment on the merits of the rule shall be afforded after

to the proposed rules, they can do so under the State Administrative Procedures Act, W.Va.Code, 29A–1–1, *et seq.* Specifically, W.Va.Code, 29A–3–5 (1982), states that "[w]hen an agency proposes to promulgate a rule other than an emergency rule," it must give notice of an opportunity to make public comment on the rule.⁴ In addition, the legislature emphasized the right to have public comment on proposed workers' compensation rules when it created the "compensation programs performance council" (performance council) in W.Va.Code, 21A–3–1, *et seq.*

The purpose of the performance council is to ensure that the unemployment compensation system and the workers' compensation system are managed in an "effective, efficient and financially stable" manner. W.Va.Code, 21A–3–1 (1993). The powers, duties, and special rule-making authority of the performance council are provided for in W.Va. Code, 21A–3–7 (1993). Subsection (c) of this section states, in part, that "[t]he commissioner and the compensation programs performance council shall follow the remaining provisions of said article [W.Va.Code 29A–3–1 *et seq.*, excluding W.Va.Code, 29A–3–9 through –16], for giving notice to the public of their actions and the holding of hearings or receiving of comments on the rules." Furthermore, in Section 1.1 of the policy statement, the Commissioner provided for an additional period to comment on the proposed rules before they are submitted to the performance council.⁵ Therefore, the petitioners have a way to voice their concerns.

such findings and determinations are made....

"Any citizen or other interested party may appear and be heard at such hearings as are required by this section."

5. Section 1.1 of the policy statement provides, in part:

"[I]t is expected that this statement will elicit suggestions for changes, clarification, and modification from persons interested in the workers' compensation program of this state. The policy statement will be reviewed and modified on the basis of those comments and then will be submitted to the Compensation Programs Performance Council for consideration of its formal adoption as an administrative rule pursuant to the terms of West Virginia Code, § 21A–3–7(c)."

Ultimately, however, we cannot sit as the review board for rules and regulations adopted by the Commissioner. This function is not vested in this Court. *See* W.Va.Code, 21A–3–7(c). Our authority in mandamus is to direct public officials having a clear legal duty to act to perform that duty. We are not authorized to prescribe the manner that they shall act. As we stated in Syllabus Point 6 of *Lyons v. Richardson*, 189 W.Va. 157, 429 S.E.2d 44 (1993):

> " ' " 'Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made.' Syl. pt. 1, *State ex rel. Buxton v. O'Brien*, 97 W.Va. 343, 125 S.E. 154 (1924)." Syl. pt. 2, *State ex rel. Lambert v. Cortellessi*, 182 W.Va. 142, 386 S.E.2d 640 (1989).' Syllabus, *Ney v. West Virginia Workers' Compensation Fund*, 186 W.Va. 180, 411 S.E.2d 699 (1991)."

As previously mentioned, the Commissioner has fulfilled his duty to promulgate rules on vocational and physical rehabilitation. Likewise, the Commissioner is in the process of promulgating rules for handling permanent total disability claims, including second injury life awards. Therefore, we will not issue a writ of mandamus to order the Commissioner to perform a duty that he already is performing. We do, however, issue a writ of mandamus directing the Commissioner to decide those claims for permanent total disability benefits or for second injury life awards pending prior to April 8, 1993, in accordance with the provisions of W.Va.Code, 23–5–1j.

For the foregoing reasons, we issue a moulded writ of mandamus.

Writ issued as moulded.