## CIRCUIT COURT OF THE CITY OF RICHMOND

David A. Garraghty

v.

Commonwealth of Virginia,
Department of Corrections, et al.

Case No. LX-1012-1

BY JUDGE MELVIN R. HUGHES, JR.

October 11, 1994

In this case, the defendants have raised a demurrer and special pleas of res judicata, collateral estoppel, statute of limitations, and sovereign immunity. After the argument on August 23, the Court took the issues under advisement. Upon consideration, I think the statute of limitations issue is dispositive. Thus, I will not discuss the other issues.

Plaintiff sues the Commonwealth of Virginia, Department of Corrections; the director of the Department of Corrections; the deputy director of the Department of Corrections; the regional director of the Department; the Inspector General of the Department; and the Investigations Supervisor alleging common law defamation and insulting words pursuant to § 8.01-45, Code of Virginia of 1950, as amended. In the words of the Motion for Judgment, the claims are based on "certain investigative reports, memorandums, and letters dealing with allegations of sexual harassment by the plaintiff of one of his subordinates while he was Warden at the Nottoway Correctional Center in Burkeville, Virginia, on or about May 1, 1992 . . . ."

Other than alleging a long standing pattern of ill will and malice toward plaintiff on the part of the defendants, the Motion for Judgment alleges the publication of a defamatory memorandum dated September 3, 1985, and the publication of investigative reports dated June 5, 1992, and June 11, 1992, by

the regional administrator and investigations supervisor. The publication of the reports, it is alleged, led to plaintiff's termination as warden. The Motion for Judgment quotes the June 5 and June 11, 1992, investigative reports which outline findings of an investigation of a complaint of alleged sexual harassment by plaintiff against a female employee.

The Motion for Judgment was filed on July 7, 1993. Claims against the individual defendants for defamation and insulting words are subject to a one year statute of limitations found in Va. Code § 8.01-248. The Motion For Judgment shows on its face that the publication that occurred in 1985 is approximately eight years before the commencement of the action. The claims founded on the June 5 and June 11, 1992, investigation reports are also barred because they were made more than one year prior to the filing of this action.

Plaintiff's reliance on a 1991 West Virginia case that a cause of action for defamation does not accrue until the fact of the defamation is known to the plaintiff is misplaced. See *Padden v. Sears, Roebuck and Co.*, 186 W. Va. 182 (1991). Virginia law does not follow this view of accrual of a cause of action in defamation actions. A defamatory statement is not actionable until there has been a publication, which constitutes the date the plaintiff is harmed. Thus, in the present case, plaintiff's cause of action accrued on the date the investigative reports were published, approximately thirteen months prior to the commencement of the suit.

Relying on *Morrissey v. William Morrow and Co.*, 739 F.2d 962 (4th Cir. 1984), plaintiff further argues the date of publication as it appears on the investigative reports, as with books, is immaterial in determining when the statute of limitations begins to run. *Morrissey* interpreted the "single publication rule" as it applies to books, magazines, and newspapers, treating one edition as only one publication. The publication is deemed to occur when the finished product is released by the publisher for sale without reference to the actual copyright date that appears on each book jacket. This approach prevents multiple causes of actions based upon the same defamatory publication. Damages are still calculated on the total effect of all the readers.

Clearly the "single publication rule" is inapplicable to the present facts. There are no independent causes of action for "reports, memorandums, and letters dealing with the allegations of sexual harassment," other than the two investigative reports alleged in the motion for judgment. Because these investigative reports were not mass produced and largely disseminated, as in the case with the books, magazines, and newspapers, the publication date as it appears on the reports is controlling.

Assuming and not agreeing that the Department of Corrections, a state agency, is suable, the claims against it are also time barred due to the

plaintiff's failure to comply with Va. Code §§ 8.01-195.6 and 8.01-195.7. These statutes require a plaintiff to file a written statement of the nature of the claim within one year of the accrual of the cause of action with the Attorney General, to be followed by the commencement of the suit within eighteen months of the filing of the written statement or notice of claim. As discussed above, plaintiff took no action until approximately thirteen months after the accrual of the cause of action. Plaintiff's claim against the Department of Corrections of the Commonwealth of Virginia is barred also because of the Virginia Torts Claims Act.

For the foregoing reasons the plea of the statute of limitations is granted.

January 4, 1995

At the hearing last month, the issues argued and taken under advisement center on the remaining defendant's, the Commonwealth of Virginia, Department of Corrections, Demurrer to the counts in plaintiff's Motion for Judgment claiming insulting words and defamation. Plaintiff claims that state investigators' findings that he sexually harassed a female employee at the Department of Corrections defamed him and amount to insulting words. The Demurrer questions the legal sufficiency of insulting words under the facts and says there can be no claim of defamation because there is an absolute privilege.

As to insulting words, under § 8.01-45, the words must "tend to violence and breach of the peace." As pointed out in *Darnell v. Davis*, 190 Va. 701, 706 (1950), the question whether the words used was for the jury because the statute in place then said this was a matter for jury determination. Now, in its present form, the statute makes no reference to such issues being matters for the jury. The Court finds that although the words alleged may be capable of defamatory meaning, they are not, at the same time, ones that tend to violence and breach of peace because in and of themselves they are not disgusting, abusive, or repulsive, as a matter of law. *Crawford v. United Steel Workers, AFL-CIO*, 230 Va. 217 (1985). Under the insulting words statute, the test is objective, not subjective, because the Court can conclude whether the words used are insulting under a reasonable man standard, which is not dependent on peculiar sensibilities of an individual plaintiff.

Turning now to the question of whether plaintiff's defamation claims are barred by absolute privilege, the Court concludes that the statements alleged are ones made by parties who had an interest or owed a duty in the subject matter, i.e., the investigation. In such instances there is a qualified privilege, not absolute. The latter applies to statements made during judicial pro-

ceedings, legislative proceedings, executive proceedings, and the like. In cases where there is qualified privilege, this can be overcome by a showing of malice. *Smalls v. Wright*, 241 Va. 53, 55 (1991). The plaintiff has alleged this and whether the qualified privilege can be overcome should await the outcome of further proceedings in the case.

Accordingly, the demurrer as to the claim of insulting words is sustained, without leave to amend. As to defamation on the ground of absolute privilege, the demurrer is overruled.