544 S.E.2d 93

**Paul David RATCLIFF and Johannah Ratcliff, Petitioners Below, Appellees,**

v.

**John B. CYRUS, Jr. and Virginia B. Cyrus, Respondents Below, Appellants.**

No. 28395.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 10, 2001.

Decided Feb. 23, 2001.

David D. Molgaard, Charleston, West Virginia, Attorney for the Appellants.

Robert L. Massie, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, West Virginia, Attorney for the Appellees.

PER CURIAM:

This is an appeal by John B. Cyrus and Virginia B. Cyrus, appellants/respondents below (hereinafter referred to as "the Cyruses"),[1] from an order of the Circuit Court of Wayne County granting summary judgment to Paul David Ratcliff and Johannah Ratcliff, appellees/petitioners below (hereinafter referred to as "the Ratcliffs").[2] In essence, summary judgment granted to the Ratcliffs the use of a roadway owned by the Cyruses. After listening to the oral arguments and reviewing the briefs and the record in this case, the circuit court's summary judgment order is affirmed in part and reversed in part. Further, this case is remanded to the circuit court with directions.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This case involves a dispute regarding a dirt and gravel roadway known as the Adkins–Ratcliff Lane. On July 27, 1977, the Cyruses purchased approximately two acres of land[3] that included the Adkins–Ratcliff Lane.[4] In the 1980's the Ratcliffs purchased an additional three parcels of land adjacent to the Adkins–Ratcliff Lane. Those parcels of land are known as the front property and the rear property. The Ratcliffs purchased the front property, on June 26, 1981.[5] The rear property was acquired on November 9, 1981.[6] The third parcel of land, also known as the front property, was purchased on September 22, 1983.[7]

---

1. The Cyruses are husband and wife.

2. The Ratcliffs also are husband and wife.

3. The property was purchased from William and Thelma Ratcliff.

4. The Adkins–Ratcliff Lane is the only access to the Cyruses home.

5. This parcel was purchased from Thelma Ratcliff. Her husband, William, is deceased.

6. This parcel of land was purchased from Wanda I. Johnson.

7. This parcel of land was obtained by Paul David Ratcliff from Charles Ratcliff. Paul David Ratcliff subsequently conveyed the property to his spouse, Johannah Ratcliff, on October 10, 1983.

At some point, the Ratcliffs constructed three driveways for access to each portion of their property from the Adkins–Ratcliff Lane. One driveway was on the rear property and led to a barn. The second driveway, also located on the rear property, led to a site that once held a mobile home. The third driveway, located on the front property, led to the Ratcliffs' home and a commercial pizza business owned by them.

On August 6, 1992, the Ratcliffs filed a petition seeking to prevent the Cyruses from interfering with their use of the Adkins–Ratcliff Lane for the purposes of ingress and egress.[8] The Cyruses filed an answer and counterclaim seeking to enjoin the Ratcliffs from using the Adkins–Ratcliff Lane for any purpose. In 1994, both parties moved for summary judgment.[9] On February 9, 2000, the circuit court entered an order which, among other things, permitted the Ratcliffs to use the Adkins–Ratcliff Lane for ingress and egress.[10] The Cyruses thereafter filed this appeal.

## II.

### STANDARD OF REVIEW

■ This Court's standard of review of motions for summary judgment is well established: "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have long held that "[a] motion for summary judgment should be granted only when it is clear that there is no

8. The circuit court ultimately treated the petition as a declaratory judgment action.

9. The Ratcliffs sought only a partial summary judgment.

10. The circuit court ruled that the Ratcliffs could not use the driveway on the Adkins–Ratcliff Lane that led to their barn, concluding that such access was an illegal use of the Cyruses property. However, this issue is not before this Court.

11. We have stated the prerequisites for a prescriptive easement are as follows:

The open, continuous and uninterrupted use of a road over the lands of another, under bona fide claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof. In the absence of

genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Furthermore, "[a] party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syl. pt. 6, *id.*

## III.

### DISCUSSION

#### A. Rulings by the Circuit Court

The circuit court's summary judgment order listed four reasons for permitting the Ratcliffs to use the Adkins–Ratcliff Lane. First, the circuit court found that a prescriptive easement for ingress and egress was obtained on June 26, 1981, as part of the front property conveyance. Second, the court found that a prescriptive easement for ingress and egress was obtained on November 9, 1981, by the rear property conveyance. Third, the court determined that the November 9, 1981, deed granted an express easement over the Adkins–Ratcliff Lane for ingress and egress from the rear property. Fourth, the circuit court found that an easement by necessity was established.

■ The Cyruses contend that neither the prerequisites for a prescriptive easement[11] nor for an easement by necessity[12]

any one or all of such requisites, the claimant of a private way does not acquire such way by prescription over the lands of another.

Syl. pt. 1, *Holland v. Flanagan*, 139 W.Va. 884, 81 S.E.2d 908 (1954). *Accord* Syl. pt. 1, *Clain–Stefanelli v. Thompson*, 199 W.Va. 590, 486 S.E.2d 330 (1997).

12. To establish an easement by necessity, the following must be shown:

Where one owns and conveys a portion of his land which is completely surrounded by the retained land or partially by the land of the grantor and the land of others, without expressly providing a means of ingress and egress, and where there is no other reasonable means of access to the granted land, the law implies an easement in favor of the grantee over the retained portion of the original land of the grantor.

were proven in this case. The Ratcliffs concede that the circuit court committed error in ruling that a prescriptive easement [13] or an easement by necessity was established. Based on the Ratcliffs' acknowledgment, the Cyruses contend that this Court should reverse the circuit court's order granting the Ratcliffs access to the Adkins–Ratcliff Lane. In contrast, the Ratcliffs contend that a portion of the circuit court's order should be affirmed because it found that an express easement was granted to them by their November 9, 1981, deed.[14]

Considering the admission by the Ratcliffs that neither a prescriptive easement nor an easement by necessity were proper rulings by the circuit court, we summarily reverse the circuit court's order insofar as it granted an easement on the front property.[15] *See Anderson v. State Workers' Compensation Comm'r*, 174 W.Va. 406, 407, 327 S.E.2d 385, 386 (1985) (summarily accepting a concession of error); *Weller v. Moffett's Pharmacy, Inc.*, 167 W.Va. 199, 200–01, 279 S.E.2d 196, 197 (1981) (same). We will, however, determine whether an express easement [16] was made by the real property conveyance of November 9, 1981.

## B. Express Easement

The circuit court found "[t]hat by deed dated [November] 9, 1981, the [Ratcliffs] were granted an express easement over the Adkins–Ratcliff Lane for ingress to and egress from the rear property." The Cyruses present two arguments concerning this ruling. First, the Cyruses argue that the language of the easement is vague in its description and therefore should be void. Second, the Cyruses contend that, to the extent an easement is determined to exist, it is limited to the rear property and does not extend to the front property purchased on September 22, 1983.[17] We address each argument separately.

■ 1. *Vagueness argument.* The express easement in question is found in the deed by the grantor of the November 9, 1981, rear property. The pertinent language of the deed states:

[A] twenty-foot right-of-way running from the house trailer site in a westerly direction to two marble markers which are set on the boundary line of the Johnson and Ratcliff land to the lands of William

Syl. pt. 4, *Berkeley Dev. Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976).

13. The Ratcliffs further admit that material issues of fact were in dispute relating to the issue of the prescriptive easement.

14. The Ratcliffs cite two other grounds to support the circuit court's finding of an easement: (1) that they have an implied easement because their property is bound by the Adkins–Ratcliff Lane and (2) that they have an express easement that was created in the deed conveying the Cyruses their property. The circuit court order, however, did not address either contention as a basis for finding an easement. This Court has adhered to the principle that when presented with conflicting signals from a circuit court, the law favors written orders over oral statements. *See Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 107 n. 5, 459 S.E.2d 374, 384 n. 5 (1995) ("As an initial matter, it is clear that where a circuit court's written order conflicts with its oral statement, the written order controls. Therefore, 'we are left to decide this case within the parameters of the circuit court's order.')'" (quoting *State v. White*, 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992)). Consequently, even if the issues were properly raised below and orally decided, we are bound by legal principles to address only that which

was articulated in the trial court's order. Moreover, to the extent that both issues have been raised for the first time in this appeal, we have routinely held that we will not pass upon a matter that was not actually addressed by a lower court. *See State ex rel. Clark v. Blue Cross Blue Shield of West Virginia, Inc.*, 203 W.Va. 690, 699, 510 S.E.2d 764, 773 (1998) ("Typically, we have steadfastly held to the rule that we will not address a nonjurisdictional issue that has not been determined by the lower court."); Syl. pt. 2, *Duquesne Light Co. v. State Tax Dep't.*, 174 W.Va. 506, 327 S.E.2d 683 (1984) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.").

15. On remand, the trial court should determine the issue of whether or not a prescriptive easement was obtained on the front property.

16. This easement concerns the driveway that leads to a site that previously housed a mobile home.

17. The September 22, 1983, land purchase apparently represents the parcel containing the Ratcliffs' home and their commercial pizza business, as well as the driveway leading to these buildings.

Glenn Ratcliff and Thelma Ratcliff to the Adkins–Ratcliff Lane thence running in a northerly direction to the Tolisa (sic) Highway.

The circuit court concluded that such language "is not vague, but is a proper and valid grant of easement."

■ This Court has held that "[i]f the description of the land conveyed in a deed be general, the deed will not be held void for uncertainty, if by the aid of extrinsic evidence it can be located and its boundaries ascertained." Syl. pt. 2, *Bolton v. Harman,* 98 W.Va. 518, 128 S.E. 101 (1925). The Cyruses contend that the language of the easement does not have an ending or beginning point and is therefore vague and void. We disagree.

■ The easement language articulates a beginning point as the site which contained a mobile home. The deed further provides for the direction of the easement. Therefore, we are satisfied that the description identifies the easement granted in the deed. As we previously noted, "[t]he main object of a description of land ... in a deed of conveyance ... is not in and of itself to identify the land sold but to furnish the means of identification, and when this is done it is sufficient." *Consolidation Coal Co. v. Mineral Coal Co.,* 147 W.Va. 130, 143, 126 S.E.2d 194, 202 (1962).

■ Although we find that the language of the deed is sufficient to establish an express easement, we must nevertheless remand the issue for further development. Oral argument disclosed that the markers referred to in the deed no longer exist. The Cyruses contend that the easement was intended to actually run alongside the Adkins–Ratcliff Lane and not across it. The Ratcliffs have asserted that the easement was intended to run across the Adkins–Ratcliff Lane. Although we find the argument presented by the Cyruses to be implausible, extrinsic evidence is nevertheless necessary. *See Consolidation Coal Co.,* 147 W.Va. at 143, 126 S.E.2d at 202 ("A deed will not be declared void for uncertainty if it is possible, by any reasonable rule of construction, to ascertain from the description, aided by extrinsic evidence, the property it is intended to convey.").

■ **2. *Limitation of easement.*** The Cyruses next argue that if the easement is valid, it should be limited to the rear property. Even though the circuit court's order did not place any express limitations on the easement, we believe that a limitation was implicitly imposed because the order expressly addressed the three points of use of the Adkins–Ratcliff Lane by the Ratcliffs.[18]

■ This Court has previously held that an easement cannot be impermissibly extended. In Syllabus point 1 of *Dorsey v. Dorsey,* 109 W.Va. 111, 153 S.E. 146 (1930), we stated that "[a]n easement cannot be extended as a matter of right, by the owner of the dominant estate, to other lands owned by him." In the instant proceeding; the easement in question relates only to the rear property purchased on November 9, 1981. Consistent with our law, the easement therefore cannot be extended to the front property purchased by the Ratcliffs.

## IV.

## CONCLUSION

The circuit court's summary judgment order is affirmed in part, reversed in part, and remanded with the following directions. The case is affirmed as to the creation of an express easement under the November 9, 1981, rear property conveyance. The case is reversed and remanded to determine whether a prescriptive easement was obtained on the June 26, 1981, front property conveyance.[19] Additionally, the case is reversed

18. The three points of use were the three driveways.

19. The trial court may also revisit the issue of an easement by necessity. In the proceedings below, the trial court determined, as a matter of law, that because a common grantor once had all of the property involved in this case an easement by necessity had been established. This approach, though, is not a recognized basis by this Court for the establishment of an easement by necessity. "A way of necessity usually arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is entirely

and remanded to establish the direction of the express easement granted under the November 9, 1981, rear property conveyance.

Affirmed in part, reversed in part, and Remanded with directions.

surrounded by the land from which it is severed or by this land and the land of strangers." *Derifield v. Maynard,* 126 W.Va. 750, 754, 30 S.E.2d

10, 12 (1944) (internal quotation and citation omitted).