IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

MISSION COAL COMPANY, LLC,
Employer Below, Petitioner

FILED
April 10, 2023
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

vs.)    No. 22-ICA-241    (BOR Appeal No. 2058080)
(JCN: 2020005852)

WILLIAM DEMPSEY,
Claimant Below, Respondent

**MEMORANDUM DECISION**

Petitioner Mission Coal Company, LLC ("MCC") appeals the October 12, 2022, order of the Workers' Compensation Board of Review ("Board"), which reversed the claim administrator's denial of the claim. Respondent William Dempsey did not file a timely response.[1] The issue on appeal is whether the Board erred in affirming the Workers' Compensation Office of Judges' ("OOJ") order, which reversed the claim administrator's denial of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dempsey was employed by MCC from 2012 to May 3, 2018. Prior to that he was employed by various other coal mines. Mr. Dempsey alleges that he was exposed to a dust hazard for the entirety of his employment with MCC and other coal mines during the ten years preceding 2018.

Mr. Dempsey submitted a Physician's Report of Occupational Pneumoconiosis dated March 21, 2019,[2] and signed by Jenine Ward, FNP-BC. Mr. Dempsey was diagnosed with occupational pneumoconiosis ("OP"). The report stated that Mr. Dempsey had a FEV1/FVC of 73 and FEF 25-75 of 2.5. Pulmonary function studies were performed on the same day. The pulmonary report stated that the FVC was 91%, the FEV1 was 87%, and

---

[1] MCC is represented by T. Jonathan Cook, Esq. Mr. Dempsey is represented by M. Rachel Wolfe, Esq.

[2] MCC alleges that Mr. Dempsey filed his application for OP benefits on July 30, 2019. However, MCC provided no evidence indicating that the application was filed on July 30, 2019.

1

the FEV1/FVC was 73%. An x-ray was performed on January 14, 2019, and the results found that small opacities p/q were found in all lung zones with a profusion of 1/0. The report stated that there was minimal obstructive lung defect.

The claim administrator requested Mr. Dempsey's employment history, which was received on November 5, 2019. The claim administrator learned that Mr. Dempsey was employed by Brooks Run Coal from April 2019 to October 2019. On November 15, 2019, the claim administrator issued an order denying Mr. Dempsey's application for OP benefits because Mr. Dempsey had been employed by another coal mine, Brooks Run Coal, for over sixty continuous days at the time of his application. Mr. Dempsey protested this order.

Mr. Dempsey was deposed on May 22, 2020. He testified that he was exposed to a dust hazard while working for MCC performing underground mining jobs. Mr. Dempsey also testified that he was exposed to a dust hazard for over sixty continuous days while employed by Brooks Run Coal.

On March 29, 2021, the OOJ reversed the claim administrator's order and found that Mr. Dempsey satisfied the statutory exposure requirements for filing an OP claim against MCC. The Board affirmed the OOJ's order on October 12, 2022. MCC now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, MCC argues that because Mr. Dempsey had subsequently worked for Brooks Run Coal where he had been exposed to coal dust for one hundred and fifty-seven

2

days at the time he filed his application for OP benefits, he should have filed this claim against his more recent potentially chargeable employer instead of MCC.

West Virginia Code § 23-4-1(b) (2021), provides, in relevant part that,

[f]or the purposes of this chapter, the terms "injury" and "personal injury" include occupational pneumoconiosis and any other occupational disease, as hereinafter defined, and workers' compensation benefits shall be paid to the employees of the employers in whose employment the employees have been exposed to the hazards of occupational pneumoconiosis or other occupational disease and have contracted occupational pneumoconiosis or other occupational disease, or have suffered a perceptible aggravation of an existing pneumoconiosis or other occupational disease, or to the dependents, if any, of the employees, in case death has ensued, according to the provisions hereinafter made: Provided, That compensation is not payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the 10 years immediately preceding the date of his or her last exposure to such hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure.

West Virginia Code § 23-4-15(b) (2010), provides that,

[t]o entitle any employee to compensation for occupational pneumoconiosis under the provisions of this subsection, the application for compensation shall be made on the form or forms prescribed by the Insurance Commissioner, and filed with the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, within three years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazards of occupational pneumoconiosis or within three years from and after a diagnosed impairment due to occupational pneumoconiosis was made known to the employee by a physician and unless filed within the three-year period, the right to compensation under this chapter is forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional, or, in the case of death, the application shall be filed by the dependent of the employee within two years from and after the employee's death, and such time limitation is a condition of the right and hence jurisdictional.

The OOJ cited *Ford v. Workmen's Compensation Commissioner*, 160 W. Va. 629, 237 S.E.2d 234 (1977) for the holding that the date of injury in an OP claim is the date of last exposure to the hazards of OP. The Court further held in *Ford* that subsequent exposure

3

to occupational dust, following the initial date of last exposure, "constitutes a new injury." *Id*. at 631*,* 237 S.E.2d at 235. The OOJ, as affirmed by the Board, found that the *Ford* case indicates that Mr. Dempsey is not precluded from filing a claim against MCC even though he had subsequent dust exposure while employed by a different employer after his employment with MCC. We agree.

After review, we conclude that the OOJ, as affirmed by the Board, was not clearly wrong in finding that MCC was a chargeable employer and Mr. Dempsey could choose to file his OP claim against MCC. Mr. Dempsey was working at MCC on March 21, 2019, when the claim form was dated, and Mr. Dempsey began the process of filing his OP claim. Further, the OOJ, as affirmed by the Board, did not err in finding that Mr. Dempsey met the statutory exposure requirements to file an OP claim.

Finding no error in the Board's October 12, 2022, order, we affirm.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen